IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERIKA ROCHELLE ROYAL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0032 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging an order of deferred adjudication and the subsequent revocation of her probation. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for writ of habeas corpus be dismissed.

I.
PROCEDURAL HISTORY

On or about February 13, 2002, petitioner was indicted for the felony offense of robbery out of the 251st Judicial District Court of Potter County, Texas. *State v. Royal*, No. 44,972-C. Defendant pleaded guilty to the charges and, on or about June 12, 2002, the state trial court placed petitioner on eight (8) years of deferred adjudication probation, and assessed an $800.00 fine. Petitioner did not seek direct review of the deferred adjudication order by direct appeal.

The State subsequently alleged petitioner had violated the terms of her probation and, on or about October 25, 2004, the state trial court found, pursuant to petitioner's plea of true to the probation violations, that petitioner had, in fact, violated the terms of her probation. Consequently, the state trial court revoked petitioner's probation. Pursuant to her earlier guilty plea, the state trial court adjudicated petitioner guilty of the robbery offense and, apparently pursuant to an agreed punishment and recommendations filed by the parties, sentenced petitioner to ten (10) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Petitioner did not attempt to appeal the conviction or sentence by direct appeal.

On September 23, 2005, petitioner filed a state writ of habeas corpus which was denied by the Texas Court of Criminal Appeals without written order on November 23, 2005. *In re Royal*, No. 63,378-01. On December 2, 2005, petitioner filed a second state writ of habeas corpus which was dismissed without written order by the Texas Court of Criminal Appeals on January 25, 2006. *In re Royal*, No. 63,378-02. Petitioner initiated the instant federal application for writ of habeas corpus on February 7, 2006.[1]

## II.
## PETITIONER'S GROUNDS

In this federal petition for habeas corpus relief, petitioner raises issues pertaining to her guilt of the charged offense. Specifically, petitioner alleges the adjudication of guilt violated her federal constitutional rights because:

1.   The evidence in the original proceeding was insufficient to show a weapon was used for aggravated robbery, or that a robbery had even occurred;

---

[1] Petitioner attests her application was placed in the prison mailing system on February 7, 2006. Although the application was not received by this Court and filed of record until February 13, 2006, the Court will use the February 7, 2006 date as the filing date. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

2.   Petitioner was denied effective assistance of counsel in the original proceeding in that her counsel failed to adequately investigate to determine there was no evidence to support the charges against her;

3.   Petitioner's guilty plea in the original proceeding was involuntary because she had been unreasonably detained, was not advised of her right to an attorney, was unable to read or write so as to review her statement, and the statement was written by someone else; and

4.   The trial court failed to consider a lesser included offense when there was no evidence to support a charge of aggravated robbery in the original proceeding.

All issues raised by petitioner appear to be substantive issues relating to her June 2002 plea of guilty and the original order of deferred adjudication probation.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

Petitioner has presented, to the highest court of the State of Texas, two (2) petitions for state habeas corpus relief. The Court has not ordered an answer and, thus, does not possess copies of the state petitions. Therefore, a determination cannot be made that the substance of the claims petitioner now presents to this federal court is the same as that presented to the state courts. However, as it is the opinion of the Magistrate Judge that petitioner's claims are time barred, the undersigned does not recommend that this cause be dismissed for any failure to exhaust. The Court however, reserves the right to re-address this issue.

## IV.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

V.
DISCUSSION

The issues petitioner raises in the instant federal application pertain to the validity of petitioner's original guilty plea in the original proceeding. Petitioner was sentenced to eight (8) years deferred adjudication on June 12, 2002. Petitioner did not seek review of the deferred adjudication order. Under Texas law, a defendant must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court." Tex.R.App.P. 26.2(a)(1). Thus, petitioner's deferred adjudication became final for purposes of section 2244(d)(1)(A) on July 12, 2002, and the statute of limitations began to run on that date as to any substantive issues relating to the original proceeding. *See Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005).[2] Consequently, any federal habeas application raising these issues was due on or before July 12, 2003. Petitioner's state

---

[2] In *Caldwell*, the Fifth Circuit recently held that an order of deferred adjudication probation following a guilty plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review.

habeas applications were filed after the expiration of the 1-year statute of limitation and, thus, such applications did not serve to toll the limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000) (state habeas application did not toll limitation period where it was not filed until after the limitation period had expired). Petitioner filed the instant federal habeas application on February 7, 2006, far beyond the expiration of the statute of limitation. Consequently, these issues are time barred unless the limitation period is extended by equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir.1998)). Equitable tolling applies only in cases presenting "rare and exceptional circumstances." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id*. (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Further, "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner has not presented any argument that equitable tolling should apply in this case. Therefore, equitable tolling should not apply and petitioner's grounds relating to her June 12, 2002 plea are barred by the statute of limitations.[3]

## VI.
## RECOMMENDATION

It is the recommendation of the United States Magistrate Judge to the United States District

---

[3] Even if this Court were to allow the one-year limitation period to be equitably tolled until petitioner's revocation judgment became final on December 18, 2004, it is clear that petitioner did not diligently pursue relief. More than nine (9) months elapsed from the date that judgment became final until petitioner filed her first state habeas application on September 23, 2005.

Judge that the petition for a writ of habeas corpus filed by petitioner ERIKA ROCHELLE ROYAL be DISMISSED as time-barred.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___14th___ day of April 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).